

# JURY INSTRUCTIONS
## *United States v. Russell*
## *United States v. Crawford*
## 3:05CR-34-R

**INSTRUCTION NO.  1**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

# INSTRUCTION NO. 2

As you know, the Defendants have pleaded not guilty to the crime charged in the Indictment.  The Indictment is not any evidence at all of guilt.  It is just the formal way that the Government tells a defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt.

Instead, the Defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that the Defendants are innocent.  This presumption of innocence stays with the Defendants unless the Government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

This means that the Defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent.  It is up to the Government to prove that a defendant is guilty, and this burden stays on the Government from start to finish.  You must find the Defendants not guilty unless the Government convinces you beyond a reasonable doubt that they are guilty.

The Government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the Government has proved the Defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 3

Count 1 of the indictment accuses the defendants of a conspiracy to commit the crime of fraud in violation of federal law.  It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crime of wire fraud.

Second, that the defendant knowingly and voluntarily joined the conspiracy.

And third, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of these defendants guilty of the conspiracy charge.

# INSTRUCTION NO. 4

With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of wire fraud in violation of 18 U.S.C. § 1343.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of wire fraud. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

# INSTRUCTION NO. 5

The crime of conspiracy to commit wire fraud is an independent offense. It is separate and distinct from the actual commission of wire fraud. You may find the defendant guilty of the crime of conspiracy to commit wire fraud even if wire fraud was not actually committed.

To assist you in determining whether there was an agreement or understanding to commit wire fraud, you are advised that the elements of wire fraud are:

(1) that a person knowingly participated in, devised, and/or intended to devise a scheme to defraud and/or to obtain money or property by false or fraudulent pretenses, representations or promises;

(2) that the scheme included a material misrepresentation or concealment of a material fact;

(3) that the person had the intent to defraud; and

(4) that the person used wire, radio or television communications and/or caused another to use wire, radio or television communications in interstate commerce in furtherance of the scheme.

Some of these terms have special meanings.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material

facts.

An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing a person's decision. Any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of either causing a financial loss to another or bringing about a financial gain to oneself or to another person.

To "cause" wire, radio or television communications to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wire, radio or television communications which crossed a state line.

Keep in mind that the indictment charges a conspiracy to commit wire fraud and *not* that wire fraud was committed.

# INSTRUCTION NO. 6

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that a defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 7

The third element that the government must prove is that a member of the conspiracy did at least  one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.  A copy of the indictment is attached to these instructions.

The indictment lists several overt acts.  The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy.  All of you must agree that the *same* overt act or acts were committed by a member of the conspiracy.  However, the government is not required to prove more than one of the overt acts charged.

## INSTRUCTION NO. 8

Now, some of the people who may have been involved in these events are not on trial. This does not matter.  There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known.  An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

# INSTRUCTION NO. *9*

You have heard the testimony of Brian Hall. You have also heard that the government has promised him that he may receive a favorable sentencing recommendation in exchange for his cooperation.

It is permissible for the government to make such a promise. But you should consider Mr. Hall's testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise.

The fact that Mr. Hall has pleaded guilty to a crime is not evidence that the Defendants are guilty, and you cannot consider this against the Defendants in any way.

Do not convict the Defendants based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

# INSTRUCTION NO. 10

Next, I want to explain something about proving a defendant's state of mind. Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 11

Next, I want to explain something else about proving a defendant's knowledge. No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that a defendant deliberately ignored a high probability that a criminal conspiracy existed to commit wire fraud, then you may find that he knew these facts when he engaged in the conduct charged in the Indictment.

But to find this, you must be convinced beyond a reasonable doubt that a defendant was aware of a high probability that a criminal conspiracy existed to commit wire fraud, and that defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

# INSTRUCTION NO. 12

The good faith of the defendant is a complete defense to the charge of conspiracy to commit wire fraud contained in the indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

## INSTRUCTION NO. 13

You have heard that before this trial Defendant Crawford was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. You cannot use it for any other purpose. It is not evidence that he is guilty of the crime that he is on trial for now.

# INSTRUCTION NO. 14

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## INSTRUCTION NO. 15

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to establish that conclusion.

# INSTRUCTION NO. 16

Another part of your job as jurors is to decide how credible or believable each witness

was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable,

and how much weight you think it deserves.  You are free to believe everything that a witness

said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making

these decisions.  Let me suggest some things for you to consider in evaluating each witness's

testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an

honest witness may not have been able to see or hear what was happening, and may make a

mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to

accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to

perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did

the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the parties, or

anything to gain or lose from the case, that might influence the witness's testimony.  Ask

yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the

witness to lie or to slant the testimony in favor of one side or another.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the

witness said or did something, or failed to say or do something, at any other time that is

inconsistent with what the witness said while testifying.  If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may, other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 17

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.  Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 18

Both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. Both sides have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 19

Now I would like to say something about the notes that you have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

# INSTRUCTION NO. 20

If you decide that the Government has proved the Defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the Government has proved the Defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 21

That concludes the part of my Instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

# INSTRUCTION NO. 22

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that – your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 23

The defendants have all been charged with one crime. But in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant, and to return a separate verdict for each one of them. For each defendant, you must decide whether the government has presented evidence proving that particular defendant guilty beyond a reasonable doubt.

Your decision on one defendant, whether it is guilty or not guilty, should not influence your decision on any of the other defendants.

# INSTRUCTION NO. 24

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the Defendants guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves a Defendant's guilt beyond a reasonable doubt.

To find a Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

# INSTRUCTION NO. 25

Remember that the Defendants are only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the Government has proved the crimes charged beyond a reasonable doubt.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proved these Defendants guilty beyond a reasonable doubt. Do not let the possible guilt of others influence your decision in any way.

# INSTRUCTION NO. 26

I have prepared a verdict form that you should use to record your verdict.

If you decide that the Government has proved the charges against the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the Government has not proved the charges against the Defendants beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

# INSTRUCTION NO. 29

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the Government has proved the Defendants guilty beyond a reasonable doubt.